**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

HASSANA B.,

       *Plaintiff*,

   v.

COMMISSIONER OF SOCIAL SECURITY,

       *Defendant*.

No. 24-cv-10673 (MEF)

**OPINION and ORDER**

\*     \*     \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the facts and procedural history of this case.

\*     \*     \*

A woman applied for disability benefits.  See Hassana B. (S.S.A. A.L.J. Jan. 31, 2024), Administrative Record at 18.[1]

Her application was denied, and also her motion for reconsideration.  See id.  So she sought a hearing before an administrative law judge ("ALJ").  See id.

An ALJ held an online video hearing, see Administrative Record at 41-58, and afterwards issued a decision affirming the benefits denial.  See Hassana B., Administrative Record at 34.

The Appeals Council affirmed.  See Administrative Record at 3.

The applicant then filed this lawsuit in federal court.  See Complaint (ECF 1).

---

[1]  The ALJ's 17-page decision can be found beginning at page 18 of the administrative record.

From here, she is called "the Plaintiff," and the Commissioner of Social Security is "the Defendant."

\*   \*   \*

The Plaintiff argues that the ALJ erred by failing to assess a medical opinion offered by her primary care doctor, Dr. Mary Cantey.  See Plaintiff's Brief (ECF 11) at 10-15.

The Court's conclusion: the Plaintiff has it right.

\*   \*   \*

In October 2024, Dr. Cantey opined that the Plaintiff could sometimes lift and carry up to 10 pounds, and, during the course of a hypothesized 8-hour workday, could sit for up to 15-20 minutes, stand for 15-20 minutes, and walk around for 15-20 minutes.  See Administrative Record at 636-37.

The ALJ was required to consider this evidence in his assessment of whether the Plaintiff was "disabled" within the meaning of the Social Security Act.  See 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive."); Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) ("The ALJ must consider all medical opinion evidence."); Keyes-Zachary v. Astrue, 695 F.3d 1156, 1161 (10th Cir. 2012) ("It is the ALJ's duty to give consideration to all the medical opinions in the record."); Kelley v. Colvin, 2025 WL 25959, at \*3 (7th Cir. Jan. 3, 2025) ("The regulations require the ALJ to consider all of the medical opinions in the case record.") (cleaned up).

But there is no indication that he did.  Dr. Cantey is not mentioned in the ALJ's discussion of the pertinent medical evidence.  See Hassana B., Administrative Record at 30-32.

Courts across the Nation routinely remand for further proceedings where, as here, it seems that the ALJ has not evaluated a relevant medical opinion.  See Vargas v. Kijakazi, 2022 WL 3099768, at \*7 (E.D. Pa. Aug. 4, 2022) (remanding for further proceedings because the ALJ's opinion did not address one of the medical opinions in the record); Joel M.B. v. Kijakazi, 2022 WL 1785224, at \*3 (D. Minn. June 1, 2022) (same); Gallardo v. Colvin, 2014 WL 824227, at \*12, \*15 (E.D. Cal. Mar. 3, 2014) (same); Hannon v. Berryhill, 2018 WL 4091036, at \*2-4 (W.D. Wash. Aug. 27, 2018) (same); Garza v. Berryhill, 2018 WL 4628318, at \*6 (E.D. Cal. Sept. 27, 2018) (same); Ayala v. Saul,

2020 WL 1226879, at *4 n.1 (N.D. Tex. Mar. 13, 2020) (same); Cyphers v. Comm'r, Soc. Sec. Admin., 2022 WL 18495865, at *9 (N.D. Tex. Nov. 17, 2022) (same), report and recommendation adopted, 2023 WL 1110301 (N.D. Tex. Jan. 30, 2023); Richie v. Berryhill, 2018 WL 3548831, at *2 (N.D. Ind. July 23, 2018) (same); Hegwer v. Colvin, 2013 WL 5769922, at *3 (D. Kan. Oct. 24, 2013) (same); Lenz v. Berryhill, 2017 WL 4518484, at *14–17 (S.D. Cal. Oct. 10, 2017) (same), report and recommendation adopted, 2017 WL 5569821 (S.D. Cal. Nov. 20, 2017); Timothy K. v. Saul, 2019 WL 5654116, at *5 (S.D. Cal. Oct. 30, 2019) (same), report and recommendation adopted, 2020 WL 42771 (S.D. Cal. Jan. 3, 2020); Rosado v. Saul, 2021 WL 22153, at *14, *19 (S.D.N.Y. Jan. 4, 2021) (same); see also Jaramillo v. Colvin, 184 F. Supp. 3d 1086, 1094, 1097 (D.N.M. 2015) (remanding for an immediate award of benefits where the ALJ ignored multiple opinions from the Plaintiff's treating provider during the relevant time period); Torruella v. Astrue, 2008 WL 4371333, at *9–10, *13 (S.D. Iowa Sept. 11, 2008) (similar); Wischmeier v. Colvin, 2014 WL 7399364, at *26–27, *33 (D. Nev. Dec. 30, 2014) (similar).

This Court will do the same.

*   *   *

The decision of the Commissioner is vacated, and this case is remanded for further proceedings consistent with this opinion.[2]

IT IS on this 21st day of July, 2026, **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

[2]  The Plaintiff advances two other arguments as to why remand is required.  See Plaintiff's Brief at 15–25.  In light of the conclusion that remand is required because of the ALJ's failure to consider Dr. Cantey's opinion, the Court will not consider them.